HEIRS OF AVELINO PORTELA, Petitioners, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. 294. Argued February 14, 1944.—Decided March 6, 1944.

*M. Rivera de la Vega* for petitioners. *M. Rodríguez Ramos, Acting Attorney General,* and *G. Benítez Gautier, Deputy Attorney General,* and *Angel de Jesús Matos, J. Correa Suárez, Joaquina Pérez Cordero,* and *A. Sandín del Manzáno, Legal Advisors of the State Insurance Fund,* for said Fund.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

In the petition filed by the widow and sons of the deceased workman, it is alleged that Avelino Portela, a resident of San Juan, was contracted by the Arundel Corporation to work in the construction of a naval base for the Government of the United States; that the site on which said base was being constructed was unhealthful and swarmed with mosquitoes; and that on July 9, 1941, while working in said project, Avelino Portela suffered the bite of a mosquito and contracted malaria which caused his death.

The decision of the Manager of the Fund declaring that the case was not compensable was affirmed by the Industrial Commission. The reconsideration asked by the petitioners was denied and they have established the present appeal against it. To sustain their appeal they allege that the Industrial Commission erred in deciding that in accordance with the provisions of Act No. 45 of 1935, the present case is not compensable.

██ The commission declared as proven facts that Avelino Portela lived, except for occasional absences, in Vieques, and that on the date of his death he had been living in Vieques for six or eight months; that Portela worked only during two months for Arundel Corporation in the ward (*barrio*) of Ventana, Vieques, and his work was that of timekeeper or clerk; that on July 8, Portela felt sick, with chills and fever and he was sent to his home in the town of Vieques and from there he was taken to Humacao where he died. Dr. Davis declared that he had examined the blood of the workman and verified that it was a positive case of malaria; that he attributes the illness to mosquito bites because that is a malarial region where there are many mosquitoes; that Vieques is included in the malarial zone of the East and that "nobody can say in which places and at what hour he was bitten by the anopheles that caused the malaria"; and that Portela was a resident of Vieques.

Dr. García Estrada, as witness for the Manager of the State Insurance Fund, testified that malaria is not an occupational disease, except in certain cases within which the present one is not included. And to sustain his thesis he cited the following paragraph from the work of Kessler, 1941 ed., p. 526:

"Diez and Cioffi consider whether malaria might not be regarded as an industrial disease, or at least classed as an accident, when in the pursuit of an occupation the workman is exposed to the malarial infection. Since the workmen, however, were not more exposed than the other inhabitants of the region, malaria could not be regarded

as an occupational disease. Cioffi would exclude from the etiology of malaria all accidents except severe injuries of the splean or bones, which might provoke the recrudescence of malaria."

After considering the evidence submitted, the commission arrived at the following conclusion:

"It appearing from the testimony offered that malaria whether mild or malign can not be considered as an occupational disease in Puerto Rico, much less in the eastern zone considered as malarial; and it appearing also from the evidence that it can not be determined whether in fact the malaria was contracted while the laborer was working for the employer Arundel Corporation or in another place different from there, and at some other time previous to July 8, 1941, and that the cause of the death as certified by Dr. Pressley was that of total pneumonia, we are compelled to conclude that the decision rendered by the Manager of the State Insurance Fund on January 16, 1942, is correct and must be affirmed."

The cases we have examined hold that an injury or accident suffered by a workman is compensable when it has been caused by reason of the existence of a constant danger inherent and peculiar to the site in which he was obliged to work. *Kimbol* v. *Industrial Acc. Com.*, 173 Cal. 351; 27 Cal. Jur. § 76, p. 364. In order that the accident be compensable it is necessary that a clear relation of cause and effect should exist between the employment and the injury sustained by the workman.

The Supreme Court of Massachusetts, in the case of *In re McNicol*, 215 Mass. 497, 498, L. R. A. 1916 A, 306, explains in a most comprehensible way when is it that an accident must be considered as arising out of the employment. Said court expressed itself thus:

"It 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of

the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In the case at bar the workman resided in the town of Vieques which is included within the malarial zone of the East and he was there exposed to the danger of contracting malaria as a consequence from the bites of mosquitoes, the same as were all the other members of that community. It is true that the evidence showed that in the site in which the base was being constructed there were mosquitoes, but it also showed that there were mosquitoes in the whole zone of Vieques. ▇ It rested on the petitioners to show that the laborer had been, by reason of his employment, subject to an exceptional exposure and the evidence failed even to show that Avelino Portela was bitten by a mosquito while he was working in the site where the base was being constructed. The relation of cause and effect between the employment and the disease acquired by the laborer not having been affirmatively established, the Industrial Commission did not err in deciding that the petitioners had no right to compensation. See 27 Cal. Jur., §§ 93 and 94; pp. 395–397; *San Francisco* v. *Industrial Acc. Com.*, 183 Cal. 273.

The appeal must be dismissed and the decision appealed from affirmed.